## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| RESHONDA M. SMITH, individually and on behalf of all others similarly situated,<br><br>           Plaintiff,<br><br>v.<br><br>HIRERIGHT, LLC,<br><br>           Defendant. | Case No.<br><br>**COMPLAINT - JURY TRIAL DEMANDED**<br><br>**CLASS ACTION** |

Plaintiff Reshonda M. Smith ("Plaintiff"), by and through her attorneys, brings the following Complaint against Defendant HireRight, LLC, ("HireRight" or "Defendant").

## INTRODUCTION

1. Recognizing that the content of consumer reports can have a significant impact on people's lives, Congress has chosen to regulate the procurement, use, and content of those reports through the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA").

2. Plaintiff seeks to hold Defendant accountable for its willful and systemic violations of the FCRA.

1

3. Defendant has willfully violated the FCRA by inaccurately reporting a driving record that did not belong to Plaintiff on her report. This misreporting led to lost job opportunities.

## THE PARTIES

4. Plaintiff Reshonda M. Smith is an individual person and a resident of Marietta, Georgia.

5. Defendant HireRight, LLC provides consumer reports for employment purposes. Defendant's principal place of business and headquarters is in Irvine, California.

6. Among other things, Defendant provides background checks to employers. Employers use these reports to make important decisions, such as whether to hire, terminate, or promote the consumers who are the subjects of the reports.

7. Defendant is a "person" and "consumer reporting agency" as defined by 15 U.S.C. § 1681a(b).

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p, which allows claims under the FCRA to be brought in any appropriate court of competent jurisdiction.

9. Pursuant to 28 U.S.C. § 1331, this Court has subject matter jurisdiction over the FCRA claims in this matter, as they present a federal question.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391. Plaintiff resides in this District, and witnesses and documents relevant to this matter are located in this District.

## STATUTORY BACKGROUND

11. Enacted in 1970, the FCRA's passage was driven in part by two related concerns: first, that consumer reports were playing a central role in people's lives at crucial moments, such as when they applied for employment or housing. Second, despite their importance, consumer reports were unregulated and had widespread errors and inaccuracies.

12. While recognizing that consumer reports play an important role in the economy, Congress wanted consumer reports to be "fair and equitable to the consumer" and to ensure "the confidentiality, accuracy, relevancy, and proper utilization" of consumer reports. 15 U.S.C. § 1681.

13. 15 U.S.C. § 1681e(b) requires consumer reporting agencies to follow reasonable procedures to ensure the maximum possible accuracy of the information they report. As discussed below, Defendant routinely violates the FCRA by failing

to follow reasonable procedures to ensure the maximum possible accuracy of the information it reports.

## HIRERIGHT'S ILLEGAL BUSINESS PRACTICES

14. Defendant is a consumer reporting agency within the meaning of the FCRA.

15. For monetary fees, Defendant engages in the practice of assembling information on consumers for the purpose of furnishing consumer reports to third parties.

16. Defendant violates the FCRA by failing to use reasonable procedures to ensure the maximum possible accuracy of its reports, including ignoring obvious discrepancies indicating the information reported does not belong to the individual who is the subject of its reporting.

17. Defendant has both the practical capability and the legal obligation to more accurately match records with consumers.

18. Instead, however, Defendant places its business interests above the rights of consumers and unlawfully reports such information because it is cheaper for Defendant to produce reports containing information that is not accurate than it is for Defendant to exert proper quality control over its reports prior to their being provided to Defendant's customers.

## ALLEGATIONS RELATING TO PLAINTIFF

19. On three separate occasions, Defendant has produced erroneous reports regarding Plaintiff.

20. Once in September 2018, and twice in March 2019, HireRight produced reports on Plaintiff to prospective employers: non-parties Hub Group Trucking, Epes Transport Systems, Inc., and Transport Leasing, respectively.

21. Plaintiff is a commercial truck driver, and, for that purpose, she maintains a Class A commercial driver's license ("CDL") in Georgia.

22. In order to verify Plaintiff's CDL status, each of the employers listed above purchased a background check from Defendant. The background check focused on Plaintiff's motor vehicle records, commonly referred to in the industry as a Motor Vehicle Report, or "MVR." Copies of Defendant's three MVRs about Plaintiff are attached as Exhibit A-C.

23. In each report, Defendant correctly reported that Plaintiff holds a valid Class A commercial driver's license ("CDL") in Georgia, but also indicated that Plaintiff held a Class B license from the state of California.

24. This reporting was incorrect. Plaintiff does not have, and has never had, a California license, nor has she ever resided in California.

25. In fact, the California license that Defendant reported related to a woman named Floylaina Laeisa Smith (the "California Driver"), with a different date of birth and state of residence than Plaintiff.

26. Virtually the only thing that Plaintiff and the California Driver have in common is an exceedingly common last name, Smith.

27. If Defendant had taken the time to examine its own reporting before delivering it to Plaintiff's prospective employers, it would have been obvious that the California license had nothing to do with Plaintiff. Defendant's reports each included the name of the California Driver on the face of the report.

28. Defendant's erroneous reporting cost Plaintiff job opportunities and lost wages, because drivers cannot hold licenses in more than one state simultaneously, and because Defendant incorrectly reported – based on the California license that did not belong to Plaintiff – that Plaintiff "MAY NOT DRIVE IN INTERSTATE COMMERCE."

## CLASS ACTION ALLEGATIONS

29. Plaintiff asserts her claim on behalf of the Class defined as follows:

> All persons who were the subject of a background report prepared by Defendant which included a motor vehicle record with personal information that did not match the class member's personal information. The Class includes all individuals whose report was issued at any time dating from two years prior to the filing of this Complaint through the date of final judgment in this

action.

30. <u>Ascertainability</u>: The Class can be identified. Defendant maintains copies of consumer reports for at least two years after they are provided to end-users. The reports are maintained in text which can be electronically and/or manually searched to identify class members.

31. <u>Numerosity</u>: The Class is so numerous that joinder of all class members is impracticable. Defendant regularly furnishes consumer reports for employment, and given the volume of Defendant's business, thousands of consumers satisfy the definition of the Class.

32. <u>Commonality</u>: Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members, including but not limited to:

    a) Whether Defendant furnishes consumer reports for employment purposes;

    b) Whether Defendant violated the FCRA by reporting MVR information that plainly does not belong to the subject of the report;

    c) Whether Defendant's violations were willful;

    d) The proper measure of statutory damages; and

    e) The proper measure of punitive damages.

33. <u>Typicality</u>: Plaintiff's claims are typical of the members of the Class.

The FCRA violations suffered by Plaintiff are typical of those suffered by other class members, and Defendant treated Plaintiff consistent with other class members, in accordance with its standard policies and practices.

34. Adequacy: Plaintiff is a member of the Class and will fairly and adequately protect the interests of the Class, and has retained counsel experienced in complex class action litigation generally, and in FCRA litigation in particular.

35. Class certification is also appropriate under Rule 23(b)(3) because questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA. Class certification also will obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant's practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all class members' claims in a single forum.

36. Plaintiff intends to send notice to all members of the Class to the extent required by Rule 23. The names and addresses of the class members are available

from Defendant's records.

## COUNT I
## 15 U.S.C. § 1681e(b)
## Asserted by Plaintiff on behalf of herself and the Class

37. Defendant failed to comply with 15 U.S.C. § 1681e(b) by failing to maintain reasonable procedures to avoid reporting information that did not belong to the individual who was the subject of the report.

38. The foregoing violations were negligent.

39. The foregoing violations were willful.

40. Defendant acted in negligent, deliberate, and reckless disregard of its obligations and the rights of Plaintiff and the Class under 15 U.S.C. § 1681e(b). Defendant's negligent and willful conduct is reflected by, *inter alia*, the following:

   a. Defendant takes no action to determine if the information it is reporting belongs to the individual who is the subject of the report;

   b. Defendant knows that it is reporting information that does not belong to the report's subject, and it ignores information on the face of its own reports on the subject;

   c. The FCRA was enacted in 1970; Defendant has had over 40 years to become compliant;

   d. Defendant's conduct is inconsistent with the Federal Trade Commission's ("FTC") longstanding regulatory guidance, judicial interpretation, and the plain language of the statute;

   e. Defendant knew or had reason to know that Defendant's conduct violated the FCRA; and

    f. By failing to adopt reasonable procedures, Defendant voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

41. Defendant's conduct caused Plaintiff to lose job opportunities, causing economic harm and lost wages.

42. Plaintiff and the Class are entitled to actual damages, and statutory damages of not less than $100 and not more than $1,000 per violation. Plaintiff is also entitled to punitive damages and to recover costs and attorneys' fees.

## **PRAYER FOR RELIEF**

43. WHEREFORE, Plaintiff prays for relief as follows:

    a. Declaring that Defendant violated the FCRA;

    b. Declaring that Defendant acted willfully, in knowing or reckless disregard of Plaintiff's rights and its obligations under the FCRA;

    c. Awarding actual, statutory and punitive damages;

    d. Awarding reasonable attorneys' fees and costs; and

    e. Granting other and further relief, in law or equity, as this Court may deem appropriate and just.

## **DEMAND FOR JURY TRIAL**

44. Plaintiff demands a trial by jury.

                                                        Respectfully submitted,

Dated: September 24, 2020        /s/ E. Michelle Drake
                                                      E. Michelle Drake, #229202
                                                      Joseph C. Hashmall*
                                                      BERGER MONTAGUE PC
                                                      43 SE Main Street, Suite 505
                                                      Minneapolis, MN 55414
                                                      Tel.: 612.594.5999
                                                      Fax: 612.584.4470
                                                      Email: emdrake@bm.net
                                                                   jhashmall@bm.net

                                                      *pro hac vice* forthcoming

                                                      Attorneys for Plaintiff